United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERYL L. PRESTON, § | |
|    Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-02606 |
| § | |
| INTERNATIONAL LONGSHOREMEN'S § | |
| ASSOCIATION LOCAL 24, et al., § | |
|    Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion to dismiss filed by Defendants West Gulf Maritime Association ("WGMA"), and APS Stevedoring LLC ("APS"). (Dkt. 98). Plaintiff Cheryl Preston did not file a response. After carefully reviewing the motion, the record, and the applicable law, the Court finds that WGMA and APS's motion should be GRANTED.

### FACTUAL BACKGROUND

The facts of this workplace-harassment case were discussed in the Court's opinion and order granting summary judgment on Preston's statutory claims under Title VII of the Civil Rights Act of 1964 and other state and federal laws in favor of WGMA, APS, and AFL-CIO's International Longshoreman's Association, Local 24 ("Local 24"). (Dkt. 94). After that order was issued, WGMA and APS filed a motion to dismiss Preston's remaining claims. (Dkt. 98). Local 24 and the individual Defendants associated with Local 24 filed a

1

separate motion for summary judgment on Preston's remaining claims. (Dkt. 100). WGMA and APS's arguments for dismissal are considered below.

## LEGAL STANDARD

*—Rule 12(b)(1)*

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008).

*—Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming*, 281 F.3d at 161. A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do

2

not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

WGMA and APS seek dismissal of Preston's remaining claims against them: (1) the tort claims of negligence, failure to train, indifferent policies, assault, battery, bystander liability, and intentional infliction of emotional distress ("the tort claims"); and (2) an alleged violation of the Health Insurance Portability and Accountability Act of 1996 ("the

3

HIPAA claim"). (Dkt. 98 at 8-13). The Court agrees that dismissal of Preston's claims is in order.

In addition to the tort claims and the HIPAA claims, Preston's Second Amended Complaint presents several statutory claims: employment, religious, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964; unlawful retaliation in violation of federal and state law; and a hostile work environment in violation of federal and state law. (Dkt. 64 at 11-12). The Court granted Defendants' motion to compel arbitration of these statutory claims. (Dkt. 70). Upon the completion of the arbitration process, the Court granted summary judgment on Preston's statutory claims. (Dkt. 94).

The Court finds that it lacks jurisdiction over Preston's tort claims under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"). As an initial matter, Preston's claims fall under the LHWCA because Preston is a "person engaged in maritime employment, including any longshoreman or person in engaged in longshoring operations" who suffered an injury upon a "terminal [] or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel." 33 U.S.C. §§ 902(3), 903(a). The LHWCA's workers' compensation scheme "absolutely bars suit for all other acts taken in the capacity as the employer of the injured worker." *Levene v. Pintail Enter., Inc.*, 943 F.2d 528, 531 (5th Cir.1991).

Preston's tort claims fail under the LHWCA's workers'-compensation exclusivity scheme, given that (1) Preston identified WGMA and APS as her employers (Dkt. 64 at 3); and (2) APS maintained a self-insured LHWCA program through which Preston submitted

4

a claim and received benefits (Dkt. 98-1). *See Raicevic v. Fieldwood Energy, L.L.C.*, 979 F.3d 1027, 1031 (5th Cir. 2020) (LHWCA's exclusivity provision "only applies to (1) employers who (2) secure payment of compensation under the LHWCA"). Thus, dismissal of Preston's tort claims is in order.

Preston also brings a "HIPAA Violation" claim, alleging that WGMA and APS "had a duty to protect [Preston's] health information privacy and they did not do so in this case." (Dkt. 64 at 16). HIPAA does not provide a private cause of action. *See Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA has no express provision creating a private cause of action"). Thus, dismissal of Preston's HIPAA Violation claim is in order.

## CONCLUSION

WGMA and APS's motion to dismiss is **GRANTED**. (Dkt. 98). All claims against WGMA and APS are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas on May 22, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE