United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHERYL L. PRESTON, § | |
|     Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-02606 |
| § | |
| INTERNATIONAL LONGSHOREMEN'S § | |
| ASSOCIATION LOCAL 24, et al., § | |
|     Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by Defendants AFL-CIO's International Longshoreman's Association, Local 24 ("Local 24"), Gabriel Garza, Joseph Trevino, Victor Bass, and Steven Sanders ("the Local 24 Defendants").[1] (Dkt. 100). Plaintiff Cheryl Preston did not file a response. After carefully reviewing the motion, the record, and the applicable law, the Court finds that Defendants' motion should be GRANTED.

### FACTUAL BACKGROUND

The facts of this workplace-harassment case were discussed in the Court's opinion and order granting summary judgment on Preston's statutory claims under Title VII of the Civil Rights Act of 1964 and other state and federal laws in favor of Local 24, West Gulf

---

[1] Preston's Second Amended Complaint identifies Garza as Local 24's President, Trevino as Local 24's Vice President, Bass as Local 24's Second Vice President, and Sanders as Local 24's Secretary and Treasurer. (Dkt. 64 at 3-4).

1

Maritime Association ("WGMA"), and APS Stevedoring LLC ("APS"). (Dkt. 94). After that order was issued, WGMA and APS filed a motion to dismiss Preston's remaining claims. (Dkt. 98). The Local 24 Defendants filed a separate motion for summary judgment on Preston's remaining claims. (Dkt. 100). The Local 24 Defendants' arguments for summary judgment are considered below.

## LEGAL STANDARD

**Federal Rule of Civil Procedure 56(a)**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is "genuine" if the evidence, taken as a whole, could lead a rational trier of fact to find for the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries that initial burden, the burden shifts to the party opposing the motion to present competent summary judgment evidence showing the existence of a genuine fact dispute. *See Matsushita*, 475 U.S. at 586-87. "[T]he nonmoving

2

party cannot survive a summary judgment motion by resting on the mere allegations of [her] pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Rather, the nonmoving party must "go beyond the pleadings" and submit competent summary judgment evidence "showing that there is a genuine issue for trial." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks and citation omitted). *See also Matsushita*, 475 U.S. at 586 (To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts.").

Conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "In assessing whether genuine disputes of material fact exist, the court may not undertake to evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (internal quotation marks and citation omitted). The court "must instead view all facts in favor of the non-moving party," and draw all reasonable inferences in the non-movant's favor. *Id.*

Summary judgment may not be awarded by default simply because there is no opposition. *See Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). Nevertheless, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted).

3

## ANALYSIS

### *The Local 24 Defendants*

The Local 24 Defendants seek summary judgment on Preston's remaining claims against them: (1) the tort claims of negligence, failure to train, indifferent policies, assault, battery, bystander liability, and intentional infliction of emotional distress ("the tort claims"); and (2) an alleged violation of the Health Insurance Portability and Accountability Act of 1996 ("the HIPAA claim"). (Dkt. 100 at 12-20). The Local 24 Defendants argue that (1) Preston's tort claims are properly construed as allegations that the Local 24 Defendants breached their duty of fair representation under Section 301 of the Labor Management Relations Act ("LMRA"); (2) as such, Preston's tort claims are preempted by federal law; (3) federal law provides a six-month statute of limitations for such claims; and (4) Preston's claims are untimely. (Dkt. 100 at 6-14). The Court agrees.

The Court previously held that Preston's statutory claims against all Defendants (including the Local 24 Defendants) were subject to the arbitration provision contained in a Memorandum of Understanding ("MOU") regarding the Collective Bargaining Agreement ("CBA") negotiated by Local 24. (Dkt. 65). Over the course of this litigation, Preston has argued that (1) the CBA is unconscionable, unfair, prejudicial, and not written in good faith (Dkt. 90 at 10); and (2) the Local 24 Defendants did not adhere to the terms of the CBA (Dkt. 64 at 8). Specifically, Preston argues that "[t]he management staff and International Longshoremen's Association Local 24 Union failed to uphold its fiduciary duty to exercise their authority and enforce the constitution and local rules on behalf of and

4

for the benefit of the union and its members." (Dkt. 64 at 8). "A union's duty of fair representation is jurisdictionally grounded in Section 301 of the LMRA." *Barousse v. Paper Allied-Industrial, Chemical & Energy Workers Intern. Union*, 2001 WL 872844, at *6 (5th Cir. 2001). To that end, the Court finds that Preston's tort claims against the Local 24 Defendants are properly construed as allegations that the Local 24 Defendants breached their duty of fair representation under Section 301 of the LMRA.

Given that Preston's tort claims against the Local 24 Defendants fundamentally allege that the Local 24 Defendants breached their duty of fair representation by negotiating an allegedly unconscionable CBA and failing to adhere to their duties under the CBA, the Court finds that Preston's tort claims are preempted by the LMRA. "The rule is that when a state law claim is substantially dependent on analysis of a collective bargaining agreement, a plaintiff may not evade the preemptive force of Section 301 of the LMRA by casting the suit as a state law claim." *Id.*, citing *International Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 (1987).

Preston's claims under Section 301 of the LMRA are subject to a six-month statute of limitations. *See DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983) (holding that the six-month statute of limitations provided by section 10(b) of the National Labor Relations Act applies to an employee's suit against an employer and a union under Section 301 of the LMRA). Given that (1) Preston's most-recent claim involving any of the Defendants (the Local 24 Defendants included) occurred on December

5

19, 2018 (Dkt. 64 at 9); and (2) Preston initially filed suit on July 17, 2019 (Dkt. 1), Preston's claims under Section 301 of the LMRA are time-barred.

The Court also finds summary judgment is warranted on Preston's claim that the Local 24 Defendants "had a duty to protect [Preston's] health information privacy and they did not do so in this case." (Dkt. 64 at 16). HIPAA does not provide a private cause of action. *See Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("HIPAA has no express provision creating a private cause of action"). Thus, dismissal of Preston's HIPAA Violation claim is in order.

*The Remaining Defendants*

Having granted summary judgment on Preston's claims against the Local 24 Defendants (*supra*) and dismissed Preston's claims against WGMA and APS (Dkt. 108), the remaining Defendants in this matter are Bernadine Durden and Antionette Osborne (both longshoremen) and Willis Cassidy (site manager). (Dkt. 64). The remaining Defendants were served at the outset of this litigation (Dkts. 4, 5, 9); none filed responses. "Several courts have held that where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant.'" *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001), quoting *United States v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir.1967). "[I]t would be "incongruous" and "unfair" to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants." *Lewis*, 236 F.3d at 768. The Court finds the remaining

6

Defendants to be similarly situated relative to the appearing Defendants; thus, the Court grants summary judgment on Preston's claims against the remaining Defendants.

## CONCLUSION

The Local 24 Defendants' motion for summary judgment is **GRANTED**. Preston's claims against the Local 24 Defendants, Durden, Osborne, and Cassidy are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas on May 22, 2023.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE
